### 2683.    HARKER *v.* THE STATE.

RUSSELL, J. · 1. There was no error in overruling the demurrer.    That portion of the accusation which charged that the accused sold cocaine "by himself, servants and agents," was properly treated as surplusage; and the disjunctive "or" was properly used for the purpose of exhaustively excluding the accused from coming within any possible exception by reason of which the sale would be legal.

2. While it is the better practice, in charging the jury upon the subject of the defendant's statement, to use·the exact language of the code, an instruction that, "Under the law, the defendant is permitted to make a statement.    This statement is not under oath.    It is within the province of the jury trying the case to believe the unsworn statement of the defendant in preference to the sworn testimony in the case, if, after weighing it and considering it, they believe it entitled to more weight and credit," is not erroneous.    It does not restrict the discretion of the jury in believing the statement, if for any reason they see proper to do so.    The omission of an instruction to the effect that the statement shall have only such force as the jury may think right to give it can not

be injurious to the defendant; because this language only draws the attention of the jury to the fact that the statement is not evidence, and that they are not bound to treat it as such.

3. In the absence of a request calling the attention of the court to specific points upon which the defendant relied, the exceptions to the charge are without merit. The evidence amply authorized the conviction of the defendant, and there was no error in refusing a new trial.

*Judgment affirmed.*

DECIDED JULY 19, 1910.

Accusation of selling cocaine; from city court of Richmond county—Judge Eve. May 17, 1910.

The accusation charged that on the 15th day of May, 1909, the defendant did, "by himself, servants and agents, sell, furnish, and give away cocaine, the same not having been sold, furnished, or given away upon the original written orders or prescription of a lawfully authorized practicioner of medicine, dentistry, or veterinary medicine, contrary to the laws of said State," etc. The demurrer was on the ground that the accusation fails to set forth any offense, and also upon the following grounds: "Because the said accusation charges the defendant in one count with two offenses, to wit, having sold cocaine by himself and also by his agents and servants; further because said accusation fails to say who were the servants and agents by whom he sold the said cocaine, or where in said Richmond county the said sale took place, or to whom said sale or furnishing was made; further because he is charged in an alternative with having either sold, furnished, or given away said cocaine, and is not charged with having done any one of the acts specifically, or indeed all of said acts, but is charged with having done either one or the other, without specifying which."

The grounds of the motion for a new trial, so far as approved by the trial judge, were: (1) The verdict is contrary to law. (2) The court erred in charging in the language quoted in the foregoing decision, as to the defendant's statement to the jury. (3) "The court failed to charge the jury that evidence showing the sale of cocaine by one of the defendant's agents or servants should not be used to convict the defendant himself, unless it is further shown that the defendant in some way authorized, had knowledge of, ratified, or connived at, or aided and abetted his said servant. In view of the language of the accusation, and of the charge therein that the defendant, 'by himself, agents and servants,' did sell cocaine, and in view of the evidence freely introduced by the State

of sales not made by the defendant, but by his servants, it was imperative for the court to charge the principle of law above stated; this was the gist of the case, and the failure so to charge must have resulted in doubt, confusion, and misconception on the part of the jurors."

*Austin Branch*, for plaintiff in error.

*James C. C. Black Jr.*, solicitor, *John M. Graham*, contra.